No. 9449.

SUCCESSION OF JULIA F. HOSSER, WIFE OF THEODORE LILIENTHAL.—

ON PETITION OF LOUIS LILIENTHAL.

An act of adoption, executed in the manner prescribed by law, confers on the adopted child against the adoptors all the rights of a legitimate child, *provided* they do not interfere with those of forced heirs.

Rights thus conferred can no more be divested by a will than can be those of a legitimate child, born of the adopting person.

The disposition which a married woman, who leaves no forced heir, makes under such circumstances, in favor of her husband, of the bulk of her estate, is reducible to the disposable portion.

| | |
|---|---|
| 37 | 839 |
| 49 | 232 |
| 37 | 839 |
| 111 | 1024 |
| e111 | 1028 |
| 37 | 839 |
| d120 | 54 |
| 37 | 839 |
| 121 | 65 |

A PPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Farrar & Kruttschnitt* for Appellant.

*Braughn, Buck & Dinkelspiel* and *A. Bernau* for Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an action for the nullity of the will of the deceased, so far as the disposition which it contains may affect the inheritance to which the plaintiff claims to be entitled, as the forced heir at law of the testatrix.

From a judgment making the reduction, this appeal is taken.

Louis Lilienthal was formally adopted by Mr. and Mrs. Theo. Lilienthal, as their son, on their petition to a district court and the authority of that court referring them to a notary for the execution of the act of adoption; the proceeding having been carried on contradictorily with a tutor *ad hoc*.

Mrs. Lilienthal subsequently made her last will, instituting her husband her universal heir and legatee.

She afterwards died, leaving no forced heir.  Her succession was opened by her husband, who was *ex parte* recognized and put in possession.

The laws enacted relative to adoption are, Acts No. 48 of 1865; 17 of 1867; 64 of 1878 and 31 of 1872.  See also R. S. 2322-8.

The sole provisions on that subject, found in the "Revised Civil Code," are contained in Art. 214.

The statutes and the code regulate the forms to be followed and announce the rights acquired, in such cases.

The first of the acts had for its object, to permit adoption, which previously was prohibited in this State.

It provides for the judicial proceeding to be had, the judicial authority to be obtained and the notarial instrument to be executed, in furtherance of it.

It decides however, that the adoption, authorized by it, shall, in no manner, interfere with the rights of forced heirs.

Article 214 of the R. C. C. provides: that the person adopted shall have all the rights of a legitimate child, in the estate of the person adopting, except that such adoption shall not impair the rights of forced heirs.

In 1858, when adoption was prohibited and allowed only by special legislation, the then Supreme Court was called upon to determine what the rights were of an adopted child.   13 Ann. 516.

The pretensions of the claimant rested on an act of the Legislature of 1837, which enacted, that the husband and the wife ( naming them ) " be authorized to adopt a young orphan child named Adele, aged about seven years, who had been brought up by them, *provided* the adoption be executed by act signed before a notary public in said Parish of Orleans, within six months, after the passage of this law."

The contest was between the adopted child and the collateral heirs ( nephews and nieces, ) the wife having died, leaving no forced heir.

The act was silent as to rights conferred or restrictions placed.

In an elaborate and learned opinion, the Court held, through its organ, C. J. Merrick, that the act in question had to be interpreted as conferring on the adopted child, all the rights of a legitimate child and as entitling him to inherit the estate, to the exclusion of the collateral heirs.   Vidal vs. Commagere, 13 Ann. 516.

It is true in the case thus decided, the deceased had left no will; while in the present instance, she has.

This circumstance is of no moment.

The act of adoption conferred on the adopted child, all the rights constituting the relation of parent and child and all the consequences flowing from that relationship, as against the *adoptors;* with this restriction, that the adoption was not to interfere with the rights of their forced heirs, that is : of the *ligitime* of such heirs.

Such must have been the understanding of the law by the parties, for, in the act of adoption, they expressly declare that they do adopt Louis Mitchler and invest him with all the rights and privileges appertaining to legitimate children, and for all intents and purposes, consider him as if he was actually and in fact their legitimate son,—it being understood that the adoption shall not affect the right of forced heirs, if any.

The rights conferred were those of a legitimate child, that is : rights to inherit both *without*, and *notwithstanding* a will.

It therefore follows that the attempt to divest such rights must necessarily prove of no effect beyond the disposable portion.

As Mrs. Lilienthal left no forced heir, the adoption could not and did not clash with the rights of any forced heir, and the adopted child was called to inherit from her, as though he were a legitimate child, born of her body ; otherwise he would have had to take from the disposable portion.

This conferring of rights was as complete and potent, as that which the law would have made, had the plaintiff been born from the testatrix. and could no more be divested than the latter, by testamentary disposition. The adoption produced that effect, or it was an idle and. barren ceremony.

The district court decided correctly.

Judgment affirmed.

Rehearing refused.