No. 12,346.

SUCCESSION OF MRS. HELEN C. HALEY.

ON MOTION TO DISMISS.

An appeal from the orders of court appointing and confirming a tutrix is not a collateral attack upon such orders of appointment; it is a direct method of reviewing them authorized by law.

ON THE MERITS.

Applications for natural tutorship are usually acted upon as "of course" on the hypothesis there are no conflicting rights. Under Art. 256, C. C., the natural mother is declared to be entitled, under the circumstances therein stated, to be "of right" the tutrix of her child; but though she be entitled to that "of right" she is not necessarily to be appointed as "of course."

| 49 | 709 |
| 50 | 843 |
| 51 | 501 |
| 51 | 505 |
| 51 | 1568 |
| 49 | 709 |
| 120 | 54 |
| d120 | 55 |
| 49 | 709 |
| 121 | 65 |

Succession of Haley.

When a child has been unquestionably adopted by a person, as appears from pleadings which admit the fact, the adoption will be held as made not only presumably with the mother's consent, but under the conditions required or permitted by law, and the mother of the adopted child, advised of the death of the adopting mother, and that in her will she had appointed a testamentary executor, under whose control said child should remain during its minority, should not be permitted to obtain an appointment as tutrix, ignoring the adoption and its possible legal results, and the claims and pretensions of the executor under the will.

Since the decision in Tutorship of Upton, 16 An. 175, and Succession of Forstall, 25 An. 430, legislation in respect to adoption has gone forward, and recent adjudged cases will indicate that this court views the rights of adopting parents as having been broadened by that legislation beyond what it was.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Horace E. Upton* and *Farrar, Jonas & Kruttschnitt* for Anatole A. Ker, individually, as testamentary executor and as applicant for appointment as testamentary tutor, for Appellant, cite:

Succession of Hossa, 37 An. 841.

Succession of Vollmer, 40 An. 594.

*James B. Rosser, Jr.,* for Jeannette Prescott, Natural Tutrix, Appellee, cited:

"Succession of Forstall," 25 An. 430, and "The matter of the Tutorship of Ellen Wilson Upton," 16 An. 175; to Art. 256 (274) of the Civil Code; to Succession of Gorrison, 15 An. 27; Succession of Hawkins, 35 An. 591; Nugent vs. Stark, 34 An. 631, and "*In re* Fazende & Seixas praying for a monition," 35 An. 1145.

Submitted on briefs March 18, 1897.

Opinion handed down March 29, 1897.

Rehearing refused April 12, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J. Mrs. Helen C. Taite, widow of Cornelius C. Haley, died in June, 1895, leaving a last will and testament.

In this will the testatrix, after stating that " she had neither

ascendants nor descendants, but that she had an adopted child named Charles Mandeville Taite, aged about eight years,'' and after making special legacies, declared ''that she gave and bequeathed to her said adopted child the balance or remainder of all her estate of whatever nature or description, constituting him her sole and only universal legatee, and appointed Anatole Ker her testamentary executor and detainer of her property and also testamentary tutor of the said child without bond.'' She declared that during his minority the said child should remain in charge of and under the control of her executor.

Shortly after the death of Mrs. Haley, her will was, upon the petition and prayer of Anatole Ker, probated and ordered to be executed in the Civil District Court, Division '' A.'' Ker then presented a petition in which, after reciting the fact that Mrs. Haley had died leaving said will, that the same had been probated, that he accepted the trust of testamentary executor, that deceased had left property which it was necessary to have inventoried, he prayed that an inventory of the succession be made, and that he be confirmed as executor. An order was granted as prayed for. An inventory was made and Ker qualified as testamentary executor on the 25th of June, 1895. The inventory showed property valued over twenty-four thousand dollars. In October of 1896, a petition was filed in the District Court by Miss Jeannette Prescott, in which she alleged she was the mother of the minor child, Charles Mandeville Taite, who was adopted by the late Mrs. Helen C. Taite, widow of C. C. Haley and who was constituted universal legatee of said deceased by her last will and testament herein probated and ordered executed. That her minor son, Charles Mandeville Taite, was without a tutor; that as the mother of said minor she was entitled to qualify as his natural tutrix and desired to so qualify. That an inventory of all property belonging to her said minor son, or in which he had an interest, in so far as she was informed and believed, had been taken by the testamentary executor of Mrs. Haley and filed herein, and petitioner was willing to accept said inventory for the purpose hereof and to qualify as natural tutrix on the basis thereof. She prayed that after all due and legal proceedings that she be permitted to qualify, and that letters of tutorship be issued to her as the natural tutrix of her said minor son, Charles Mandeville Taite.

On the 29th October, 1896, the judge of Divison '' A '' signed an

order to the effect that petitioner be permitted to qualify as natural tutrix of her minor child, Charles Mandeville Taite, upon the basis of the inventory taken by the testamentary executor of this estate and that letters issue to her upon her taking the oath prescribed by law.

On November, 16, 1896, the court issued an order that Miss Jeannette Prescott be confirmed as tutrix of her minor child above named, and that letters of tutorship issue to her, basing the same upon a certificate of the Recorder of Mortgages that an extract of the inventory of the minor's property and notice of the application for tutorship had been duly recorded in the recorder's office in New Orleans. Letters of tutorship accordingly issued to her.

On November 23, 1896, Anatole Ker filed a petition in Division " A " of the court in which he averred that he had duly qualified as testamentary executor of Mrs. Haley; that her will had been probated and ordered to be executed; that he had been appointed testamentary tutor of the minor Charles Mandeville Taite, the adopted child and sole heir of Mrs. Haley; that he desired to accept said trust and to qualify as such; that by the will he was exempted from giving bond. That one Miss Jeannette Prescott had filed a petition in court unsupported by any proof and without any notice to petitioner, and she had on said petition procured an order qualifying her as natural tutrix of said minor, but that said order so appointing and so qualifying her was erroneous, null and void and improvidently granted. That simultaneously with the filing of the petition he was then presenting to the court, he filed a motion of appeal from the orders appointing and qualifying Miss Jeannette Prescott as tutrix of said minor. He prayed that after due proceedings he be permitted to qualify and that letters of tutorship issue as testamentary tutor of said minor and that an under-tutor be appointed.

On the same day Ker, in his capacity as testamentary executor of Mrs. Haley and an applicant for appointment as testamentary tutor for the minor, applied for and obtained an appeal from the orders complained of. Miss Jeannette Prescott moved in this court to dismiss the appeal on the ground:

1. That appellant was without any appealable interest. That appellee, being the mother of said minor, has been and alone was entitled to be recognized, confirmed and appointed natural tutrix to the exclusion of every other person.

2. That notwithstanding the nomination of Anatole Ker as testa-

mentary tutor by Mrs. Haley by her last will, said nomination was absolutely null and void, did not and could not deprive appellee of her right to be appointed and confirmed by the court as natural tutrix of her minor child.

## On the Motion to Dismiss.

NICHOLLS, C. J.    We are of the opinion that under the circumstances of this case appellant had a sufficient legal interest to appeal. Occupying the position which he did under the will of Mrs. C. C. Haley, she herself holding the relations which she had toward the child, we think it was incumbent upon him to take legal steps to have enforced her last wishes in respect to the minor, if they were legally enforceable.    The course adopted by the appellee stood directly in the way of his qualifying as testamentary tutor.    We do not consider an appeal from the orders of the District Court, appointing and confirming appellee as tutrix, a collateral attack upon them; it is a direct method of reviewing them, authorized by law.    The propositions asserted by appellee, that the appeal is not maintainable, because she, being the mother of the minor, had been and was alone entitled to be recognized, appointed and confirmed as his natural tutrix, and that the appointment of Anatole Ker as testamentary tutor, by Mrs. Haley, was an absolute nullity, because the latter could not deprive the mother of the tutorship, involve questions of fact and law not proper to be determined on the motion to dismiss.    Among the points sought to be presented by the appellant, we find it questioned whether appellee was appointed and confirmed under evidence before the court that the person appointed was, in fact, the mother of the child, or if such was the case, that the conditions under which the mother could have claimed the tutorship had been shown to exist.    We find it also urged that under the facts of the case, all known to appellee, it was appellant's right to have been made a party to the application for tutorship, and it was appellee's duty to have legally notified him of her intended legal proceedings.    We think the answer to these questions should be made, if they can be made at all, upon consideration of the merits.

## On the Merits.

Appellee claims that the court must presume, in the absence of an affirmative showing to the contrary, that when the court acted on her application it had before it evidence of all the facts necessary

to have been shown to authorize the order. Nugent vs. Stark, 34 An. 631, and "*In re* Fazende & Seixas praying for a monition," 35 An. 1145, are cited in support of this contention. The order was granted upon a petition with no documents annexed thereto and no affidavit as to the truth of the allegations of the petition. It was evidently an *ex parte* order given upon the hypothesis that there were no conflicting rights. Applications for natural tutorship are usually acted upon " as of course" on that supposition, but the party obtaining them, under such circumstances takes the risk of their being appealed from if, in fact, there should be opposing interests. We think the present case of that character. The child in question was unquestionably adopted by Mrs. Haley—appellees pleadings admit that fact. If appellee be its mother the adoption was not only made presumbably with her consent, but under the conditions required or permitted by law for adoption. The mother was fully advised that the adopting mother was dead, and that in her will she had appointed Ker as testamentary tutor. With this knowledge on her part we do not think she should have been permitted to obtain an order appointing her tutrix, ignoring the adoption and what were, at all events its possible, legal results and ignoring the pretensions and claims which she must have known Ker could have set up adversely to her claims.

It is by no manner of means clear that the mother would have been appointed tutrix in a contest raised between herself and Ker claiming as a testamentary tutor appointed by Mrs. Haley. It is certainly not sufficiently clear to have been assumed or to be now assumed as an undeniable uncontrovertible legal proposition. It is true that the cases cited in the 16th and 25th Annals strongly support the views taken on that subject by appellee's counsel, but legislation in respect to adoption has gone forward since those decisions were rendered, and recent adjudged cases will indicate that we view the rights of adopting parents as having been broadened by that legislation beyond what it was.

We note the second section of Act No. 64 of 1868, as declaring that when the person whose adoption is solicited is a minor, the consent of such person's surviving father or mother, or both, if living, shall be required by the judge, and the said father or mother, or both, as the case may be, may, in the act of adoption, surrender the entire parental authority to the person or persons adopting said

minor. What the legal scope of such a surrender may be, we are not now called on to examine or say. We have no knowledge whatever of the facts and circumstances connected with the child. We do not know in whose hands it was prior to Mrs. Haley's connection with it. We do not know who were the parties to the act of adoption, nor what the terms of the adoption were. We know nothing as to what would or would not be for its best interests, as there is no testimony before us. It is true that the natural mother, as a general rule, is declared in Art. 256 of the Civil Code to be entitled, under the circumstances therein stated, to be " of right " the tutrix of her child, but, though she be entitled to that "of right," she is not necessarily to be appointed as " of course." Even the legitimate child is not necessarily to be placed under the tutorship of its father or its mother—the facts of a special case would make it sometimes improper that it should be so placed. What modification Art. 256 may have received in special cases, through special legislation, is an open question.

We have reached the conclusion that justice to all parties requires that the orders of court, appointing appellee natural tutrix of Charles Mandeville Taite, should be annulled and set aside, and that the rights of all parties in the premises be set at large.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the orders of the District Court appealed from be and the same are hereby annulled, avoided and set aside; and it is now ordered that the case be remanded to the lower court for further proceedings according to law, with reservation to both parties of all legal rights in the premises.