BREAUX, J.
Mrs. Cunningham, a niece, and L. P. Sprowl, a nephew, of the late Jonathan Sprowl, have brought this suit against the defendant Alice L. Lawson, wife-of Andrew L. Lawson, and against the widow of Jonathan Sprowl, who, after the death of Jonathan Sprowl, became the wife of - Lockett, for the separate property of Jonathan Sprowl, and for one-half 'of the community which existed between him and his wife, on the ground that they were the nearest of kin of their said uncle.
In order to establish their right to inherit the assets just mentioned, it became necessary for them to attack an act of adoption whereby Mrs. Alice L. Lawson became the adopted daughter of Jonathan Sprowl and his wife, Nancy Barker.
The authority to adopt Alice L. Lawson was conferred by Act No. 66, p. 43, of 1862, which reads as follows:
“That Jonathan Sprowl and his wife Nancy Barker, of the parish of Natchitoches be, and they are hereby authorized to adopt by an authentic act, to be drawn by a notary public, in and for the parish of Natchitoches, Alice Leonora Hammet, the said Alice Leonora, when adopted, to be known as, and named Alice Leonora Sprowl, and to possess such rights and privileges as she would have had as the issue of the marriage of said Sprowl and wife: provided, however, this act shall not be construed so as to affect in any way the rights of forced heirs if any there be.”
A notarial act was signed by these parties, and Alice Leonora Hammet was adopted in conformity with the act.
Mrs. Jonathan Sprowl died, and left no children, except her adopted daughter. The record informs us that Mrs. Alice Leonora Sprowl, the adopted child, who became Mrs. Andrew L. Lawson by marriage, as before stated, inherited the succession of her adopted mother, Mrs. Jonathan Sprowl, consisting of one-half of the community property between her and Jonathan Sprowl, at the date of her death.
Jonathan Sprowl, after the death of his wife, Nancy Barker, became the husband of Mrs. Nancy M. Long, who is, by second marriage, the wife of - Lockett, as just mentioned.
We glean from the pleadings that the main grounds of plaintiffs’ attack are that the act of adoption is contrary to law,; that, in any event, the adoption was no longer valid after the death of Mrs. Jonathan Sprowl, née Barker, the adopted mother, and after the marriage of Mrs. Alice Leonora Sprowl with Lawson, the adopted daughter, and after the second marriage of Jonathan Sprowl, the adopted father.
Plaintiffs have alleged another cause of action, on the assumption that they are the legal heirs and entitled to inherit, and that is, in substance, that the succession of Jonathan Sprowl was illegally taken possession of by defendants, to the prejudice of their rights as heirs. Plaintiffs claim for rent and revenues of the property which they aver have been illegally taken possession of by defendants, and for which they are, in consequence, liable.
Defendants have pleaded res judicata, and the exception of no cause of action. These exceptions having been overruled, they answered by a general denial. The judge of the district court rejected plaintiffs’ demand.
We pass the plea of res judicata and the exception of no cause of action, which were overruled by the judge of the district court, in order to take up the only issue of any importance in the case; that is, the rights of the adopted daughter.
Our conclusion being that adoption excludes collateral heirs from inheritance, there is no necessity of deciding the other pleas just mentioned.