On the Merits.
We Shall address ourselves to the attack made by plaintiffs on the act of adoption. In that connection the contention is that the adopted daughter was without right to inherit; that, if she had acquired any right at all under the act of adoption, it was no longer of any avail after the death of Jonathan Sprowl, adopted father, and after the subsequent marriage of Mrs. Sprowl, widow of Jonathan Sprowl, adopted mother, and after the marriage of the adopted daughter, Mrs. Lawson.
*1027 If the act was in legal form, and was passed under legal authority, it cannot be that the right acquired was lost by the events to which we have just referred.
The act was in the form required, and the authority under which it was passed was not amenable to the objection urged by plaintiffs. ,
The question is not res I nova. We limit our decision to the issues raised by the pleadings. The question is not of first impression in this state. The right to adopt has been recognized under repeated decisions, as well as the extent of the right.
In the Vidal v. Commagere decision, 13 La. Ann. 517, the legal controversy was, as in this ease, between the nephew and nieces of the deceased and an adopted child.
The court stated in the cited decision, with which we entirely agree, that the whole question is one of interpretation. From that point of view, we have naught to do with the policy of the law. It gives rise to questions which belong to the legislative branch of the government. The court said in that case:
“We conclude, therefore, that as, by the common acceptation of the word ‘adoption,’ the relationship of parent and child, with all the consequences of that relationship, is understood, as such was the legal meaning of the word under the former laws of Louisiana.”
It follows that the adopted child had all the rights of a legitimate child, to the extent mentioned in the act in question.
She, it was declared, in legal form, and under proper authority, was to have the right of “the issue of the marriage.”
The organic law at the date of adoption contained nothing which prohibited the adoption in question, as made. Ordinances of a restrictive character contained in constitutions of subsequent date cannot have a retroactive effect. An act fixing a personal status remains unaffected by subsequent laws, if it was legal at the date it was passed. As to this one act of adoption, there was no limitation on the legislative authority to grant the right; nor does the limitation spring from the nature of government (i. e., without reference to the Constitution), for in this state the right is of ancient date.
Plaintiffs invoke the article of the Civil Code upon the subject of inheritance, and urge that the) act is in some way illegal, because it changes the order of descent therein provided.
Plaintiffs can gather scant support from the Civil Code, for in one of its articles it provides:
“The person adopted shall have the rights of a legitimate child in the estate of the persons adopting him.” Civ. Code, art. 214.
The rights laid down in this article were specially recognized in Succession of Hosser, 37 La. Ann. 841, and, even in opposition to the will pleaded, the court held:
“The rights conferred were those of a legitimate child; that is, right to iDherit both without and notwithstanding a will”—a much stronger case than the one now in hand.
The special act of the Legislature before referred to and the Civil Code having provided that the adopted child shall have capacity to inherit in preference to all others, save forced heirs, we cannot do less than follow the plain letter of the law.
With reference to the community property claimed by plaintiffs: The right to any portion of this property was dependent upon plaintiffs’ success in their attack upon the act of adoption. Having failed in that respect, it necessarily follows that they have no right to question the disposition made of the property, as they are without interest.
For reasons assigned, the judgment appealed from is affirmed.
NICHOLLS, C. J., absent, ill.