(46 South. 103.)

No. 16,858.

MOUNT v. TREMONT LUMBER CO.

(March 30, 1908.)

DEATH—RIGHT OF ACTION—SURVIVING PARENTS—"FATHER"—"MOTHER."

The right granted in article 2315 of the Revised Civil Code to the surviving "father" or "mother" to recover damages for the death of their son is a right granted to the actual father or mother of the child, and not an adopting parent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 43.

For other definitions, see Words and Phrases, vol. 3, pp. 2702–2703; vol. 5, p. 4609; vol. 8, p. 7662.]

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by Alice McLeroy Mount against the Tremont Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Price, Roberts & Warren, for appellant. Stubbs, Russell & Theus, for appellee.

NICHOLLS, J. Plaintiff appeals from the judgment of the district court sustaining an exception of no cause of action. Plaintiff and her husband brought this suit to recover damages for the death of their adopted son, alleging that his death resulted from the fault of the defendant company, in whose employment he was at the time of his death. The husband died after the institution of the suit, leaving the wife as the sole plaintiff.

In the brief filed in her behalf, her counsel says:

"The sole question presented by the appeal is the right of the adopting parent to sue and recover damages for the death of her adopted son by wrongful act. Article 2315 of the Revised Civil Code. * * * Does the language of article 2315, to wit: 'The right of this action shall survive in case of death in favor of * * * the surviving father or mother. * * * The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child'—confer any rights upon the parents by adoption. Was he, the child, and is she, the mother, within the meaning of the statute? * * *" Vidal v. Commagere, 13 La. Ann. 516; Succession of Hosser, 37 La. Ann. 841; Succession of Haley, 49 La. Ann. 709, 22 South. 251; Cunningham v. Lawson, 111 La. 1025, 36 South. 107; Rev. Civ. Code, art. 214.

Defendant contends that article 2315 of the Civil Code, as amended, must be strictly construed, and the exceptional right of action granted therein should be restricted to the classes of persons specially designated as beneficiaries. All classes not included are excluded. Vaughan v. Lumber Co., 119 La. 61, 43 South. 926; Lynch v. Knoop, 118 La. 611, 43 South. 252, 8 L. R. A. (N. S.) 480; Walker v. Railroad Co., 110 La. 718, 34 South. 749.

Second. That an adopted child does not have all the rights of a legitimate child, and adoption confers no benefit on the adoptant. Rev. Civ. Code, art. 214. Succession of Unforsake, 48 La. Ann. 546, 19 South. 602; Tutorship of Julia E. Brown, 120 La. 50, 44 South. 919.

The question submitted to us is not res nova. The ruling of the district court was

121 LA.—3

correct, and based upon the decisions of this court on the subject. We see no reason for departing from them.

The judgment appealed from is hereby affirmed.