No. 2671

Second Circuit

KRUSE v. PAVLOVICH

(Feb. 24, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Action—Par. 1, 2, 3; Negligence—Par. 6.

An adopted daughter has no cause of action for damages for the suffering or death of her adopter mother caused by the negligence of another.

(See Civil Code Article 2315.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Mrs. Minnie G. Kruse against Mrs. Leha P. Pavlovich.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Joseph H. Levy, of Shreveport, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by an adopted daughter to recover damages for the suffering and death of her adopter mother alleged to have been caused by the negligence of defendant.

An exception of no right or cause of action was filed by defendant and sustained by the court and plaintiff appealed.

OPINION

The question presented by the exception of no right or cause of action is one of law, namely, whether the law allows an adopted daughter to recover damages for the suffering and death of her adopter mother caused by the negligence of another.

Article 2315 of the Civil Code of 1870, Article 2294 of the Civil Code of 1825, originally reads as follows:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

Under this article it was universally held that no right of action passed to the heirs of a person injured in case of his death. That there was no right of property in human life. And where a person injured died as the result of the injury the right of action against the person causing the injury died with him.

Article 2315 has been amended several times, the last time by Act of 1918 and now reads as follows:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then

in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided, further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

And the question is presented, whether under the language, "the right of this action shall survive in case of death in favor of the children * * * of the deceased", adopted children are included?

Counsel for plaintiff contends that they are.

In Vaughan vs. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926, the Supreme Court said:

"Article 2315 of the Civil Code, as amended, should be strictly construed, and the exceptional right of action granted therein should be restricted to the classes of persons specially designated as beneficiaries. All classes not expressly included are excluded."

And in Mount vs. Tremont Lumber Co., 121 La. 64, 46 So. 103, the court said:

"The right granted in Article 2315 of the Revised Civil Code to the surviving 'father' or 'mother' to recover damages for the death of their son is a right granted to the actual father or mother of the child, and not an adopting parent."

Under the construction placed by the Supreme Court on the language used in the amendment to Article 2315 we are convinced that adopted children cannot be held to be among the persons specially designated as beneficiaries.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.