SAMUEL, Judge.
This is a contest, for the tutorship of three minor children, Kent, Robert and Michael Quave, respectively 9, 6 and 3 years of age. The applicants are Mrs. Emma. Hill Mounce, the maternal grandmother; Mrs. Edna Quave, the paternal grandmother; and Mrs. Elsie Quave Willie, a paternal aunt.
The parents of the children.died in separate automobile accidents, the father in 1966, one year after the death of the mother. The father was qualified as tutor with Mrs. Edna Quave as under-tutrix after the death of the mother. Following the death of the father Mrs. Emma Hill Mounce was appointed provisional tutrix by order of the Twenty-First Judicial District Court for the Parish of Tangipohoa. However, based on a finding that the father had been domiciled in the Parish of Jefferson at the time of his death, the Twenty-First Judicial District Court held that appointment invalid because the proceedings had been initiated in a parish of improper venue. Shortly thereafter, the Twenty-Fourth Judicial District Court for the Parish of Jefferson appointed Charles Willie, husband of Mrs. Elsie Quave Willie, provisional tutor and placed the children in the Willie home.
The three parties to this litigation then filed their applications for tutorship. After trial thereof there was judgment in favor of Mrs. Willie awarding her the tutorship of the three children and appointing her husband, Charles Willie, under-tutor. Mrs. Mounce has appealed. Mrs. Quave has not appealed; but, referring to herself as an appellee, she has filed a brief with this court in which she acquiesces in the trial court judgment.
In his reasons for judgment the trial judge stated that the grandmothers, Mrs. Quave and Mrs. Mounce, apparently had priority to the appointment as tutrix over the aunt, Mrs. Willie, under the Civil Code articles relative to legal tutorship. However, he found both grandmothers disqualified under LSA-C.C.P. Art. 4231(6). He concluded that under the authority of LSA-C.C.P. Art. 4067 Mrs. Willie, the only qualified applicant for the position, should be appointed tutrix.
Mrs. Mounce contends the trial judge had no basis for disqualifying her under Art. 4231(6) and as she is thus the qualified applicant having the highest priority right, the court must appoint her rather than the collateral, Mrs. Willie. She also objects to the appointment of Mr. Willie as under-tutor.
Relying on Succession of Haley, 49 La. Ann. 709, 22 So. 251, and the use of the word “ought” in Civil Code Art. 263 (“ * * * then the judge ought to appoint to the tutorship the nearest ascendant in the direct line * * * ”), Mrs. Willie contends the priority of appointment given to ascendants over collaterals is not mandatory and must yield to whatever may be in the best interest of the children involved.
In addition to acquiescing in the trial court judgment, Mrs. Quave argues that in the event that judgment is annulled the matter should be remanded for the purpose of having the trial court determine which of the two grandmothers is better qualified to serve as tutrix.
Pertinent to a determination of which applying relative is to be appointed legal tutrix are Civil Code Articles 263 and 267, which read:
“When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge ought to appoint to the tutorship the nearest ascendant in the direct line of the minor.” LSA-C.C. Art. 263.
“If the minor has no ascendant in the direct line, the tutorship shall be given to the nearest of kin in the collateral line.
If there are two or more relations in the collateral line, the judge shall ap *262 point one of them as tutor.” LSA-C.C. Art. 267.
These two articles must be considered in connection with Code of Civil Procedure Art. 4067, which reads:
“At any time after the expiration of ten days from service or publication as provided in Article 4065, whichever period is longer, if no opposition has been filed, the court shall appoint the applicant, unless he is disqualified under Article 4231.
If an opposition has been ' filed, it shall be tried in a summary manner. After the trial, the court shall appoint as tutor the qualified applicant having the highest priority of appointment. If two or more applicants have the same priority, the court shall appoint the one best qualified, personally, and by training and experiénce, to serve as tutor.” LSA-C. C.P. Art. 4067 (Emphasis ours).
Also applicable is Code of Civil Procedure Article 4231, which states the circumstances under which a person is disqualified from being appointed tutor. Only Section (6) of the article can be pertinent here. That section reads:
“A person who, on contradictory hearing, is proved to be incapable of performing the duties of the office, or to be otherwise unfit for appointment because of his physical or mental condition or bad moral character.” LSA-C.C.P. Art. 4231(6).
We cannot agree with Mrs. Willie’s contention that, in any event, the priority of appointment to the tutorship given to ascendants over collaterals must yield to whatever may be in the best interest of the children involved. In view of Civil Code Article 267, which provides that the tutorship shall be given to the nearest collateral if the minor has no ascendant in the direct line, and LSA-C.C.P. Art. 4067, which provides that the court shall appoint as tutor the qualified applicant having the highest priority of appointment, the court is not free to disregard the codal priorities and make an appointment based solely on what it considers the best interest of the children. Before the relative having the highest priority can be deprived of the tutorship that relative must be found disqualified for some valid reason. We do not decide or suggest the reasons for disqualification contained in LSA-C.C.P. Art. 4231 are exclusive. That question is not presented in this case. For here there is no contention, nor does the record contain any suggestion, that Mrs. Mounce is disqualified for any reason other than that, as provided by LSA-C.C.P. Art. 4231(6), she is incapable of performing the duties of the office or is otherwise unfit for appointment because of her physical or mental condition.
Succession of Haley, supra, relied on by Mrs. Willie, does not hold to the contrary. In that case the natural mother, who resided in New York, sought to be appointed tutrix of her minor child living in New Orleans in the care of a religious order. The court found the applicant had been a prostitute; she had given birth to the child while an occupant of a hohse of prostitution in New Orleans; she had left the child with the decedent, the keeper of that house of prostitution; and thereafter, during the long interval following her departure from New Orleans, she had shown no interest in the child until the decedent died leaving a considerable estate and a will making the child her universal legatee. The court was of the opinion that the natural mother either continued to be a prostitute or would return to that way of life and therefore could not be entrusted with the child’s care. In other words, although the opinion does refer to the “good of the child”, it is clear the court found the natural mother was unfit for appointment because of bad moral character, a disqualification under the present LSA-C.C.P. Art. 4231(6) as well as its predecessor, Civil Code Art. 303(1).
*263 At the time of trial Mrs. Quave was a 55 year old divorcee living in a small home in a rather poor and dilapidated neighborhood. Her two married daughters shared the home with her. By her own admission she did not want to rear the children in this home and indicated an intention to move elsewhere if she obtained the tutorship. She has a nervous condition which the trial judge felt disqualified her from appointment as tutrix under LSA-C. C.P. Art. 4231(6). We agree with that conclusion. Without further detailed discussion, in our opinion the trial judge correctly held that Mrs. Quave is incapable of coping with small active children and thus of performing the duties of tutrix.
We also agree with the following finding of the trial judge relative to the appellant, Mrs. Mounce, as expressed in his reasons for judgment:
“Mrs. Mounce is 52 years old and lives in a semi-rural area, six miles from Hammond. She is also divorced and lives in her three bedroom home, shared by her daughter, who plans to marry in the near future. Mrs. Mounce supplements the small alimony received from her divorced husband by baby-sitting for her daughter who has four children including a five month old baby. She also washes clothes for neighbors. Her life is simple and conducted according to the rigid religious beliefs of a non-denominational order or group to which she belongs.”
While we further agree, as found by the trial judge, that the children will have some advantages in the Willie home which they will not enjoy in the home of Mrs. Mounce, we must disagree with the decision disqualifying the appellant as being incapable of performing the duties of the office of tutrix. That decision was based on a combination of factors, the opposite of which apparently are enjoyed by Mrs. Willie, including poverty, strict religion, age, a lack of recreational facilities for the children and the lack of a man in the household.
The record shows that Mrs. Mounce has an income from alimony of $75 a month which she supplements by keeping the four children of one of her daughters for eight hours a day, four days a week, and by washing a neighbor’s clothes in her own automatic washing machine. She has reared eight of her own children to be productive, well adjusted individuals. There is no contradiction of the fact, as testified to by several witnesses, that she is exemplary in her own personal behavior and has instilled the finer virtues in her own children. She owns a comfortable home in a rural area with ample facilities, including obvious country recreational facilities, for housing and caring for the Quave children. Despite her present activities she will have ample time to take proper care of the children. We cannot say that the strong religious beliefs to which she adheres, which might be considered by some members of our society as too rigid (for example, the children would not be allowed to view television or movies), would limit or impair the physical, emotional or mental well being of the children; the contrary may be true. Far from being incapable of performing the duties of the office, at the age of 52 (a comparatively young age for a grandmother) and in good health she is physically and mentally able to master the responsibilities of a tutrix. And the lack of a man in her household is not a material factor. The Civil Code articles on legal tutorship contemplate the absence of a male in some instances. LSA-C.C. Arts. 264 and 266, for example, give the grandmother the right to claim the tutorship in the absence of a grandfather.
We can find no basis whatever for disqualifying Mrs. Mounce. Accordingly, we must reverse the trial court judgment and appoint her tutrix.
Appellant's contention that the under-tutor should be someone other than Mr. Willie is based on the argument that a wife *264 and her husband should not be appointed tutrix and under-tutor, respectively. As our decision to appoint Mrs. Mounce removes the basis for her objection to Mr. Willie’s appointment, we find it unnecessary to discuss the matter further. We will affirm that part of the judgment which appoints Charles Willie under-tutor.
Mrs. Quave’s argument, that in the event the judgment appointing Mrs. Willie is annulled the matter should be remanded for the purpose of having the trial court determine which of the two grandmothers is better qualified to serve as tutrix, is without merit. Regardless of whether this question properly is before its in the absence of an appeal by Mrs. Quave, it suffices to say both the trial court and this court have concluded Mrs. Mounce is qualified to serve as tutrix and Mrs. Quave is disqualified to serve as such under LSA-C.C.P. Art. 4231(6).
For the reasons assigned, the judgment appealed from is affirmed in part, reversed in part and recast so as to read as follows:
It is ordered, adjudged and decreed that the applications for tutorship of the minors Kent, Robert and Michael Quave, made in this proceeding by Mrs. Edna Quave and Mrs. Elsie Quave Willie be dismissed. It is further ordered, adjudged and decreed that Mrs. Emma H. Mounce be named and appointed legal tutrix of said minor children and that letters as such issue to her upon her complying with all the requisites of law. It is further ordered, adjudged and decreed that Charles Willie be named and appointed under-tutor of the said minors and that letters as such issue to him upon his complying with all the requisites of law.
Affirmed in part; reversed in part.