de la HOUSSAYE, Judge.
This is a contest for the tutorship of two minor children, Wade Maxwell Scott and Cassandra Heloise Scott, 14 and 11 years of age respectively. The applicants are Mrs. Merle Scott Edmundson, the paternal aunt of the children, and Mrs. Sarah M. Shufeldt, their maternal grandmother and sole surviving direct ascendant.
These children are the children of Wilson Levron Scott and Mrs. Mamie Heloise *898 Shufeldt Scott. Mrs. Scott died on September 12, 1971, and Wilson Levron Scott died on April 20, 1974, leaving no will for the appointment of a tutor. On April 24, 1974, Mrs. Edmundson, appellee herein, filed proceedings seeking to be appointed the tutrix of the minors, which proceeding was opposed by Mrs. Shufeldt, appellant. Shortly thereafter, the 32nd Judicial District Court for the Parish of Terrebonne appointed Mrs. Edmundson tutrix and placed the children in her home.
In his reasons for judgment, the trial judge recognized that appellant had priority to the appointment as tutrix over the aunt under the Civil Code articles relative to legal tutorship, however, he found Mrs. Shufeldt disqualified, presumedly under LSA-C.C.P. Art. 4231(6).
Mrs. Shufeldt contends the trial judge had no basis for disqualifying her under Art. 4231(6) and, as she is thus the qualified applicant having the highest priority right, the court must appoint her rather than the collateral, Mrs. Edmundson.
Mrs. Edmundson contends that there is a basis for disqualifying Mrs. Shufeldt and that the trial judge committed no manifest error in doing so. She further contends that, in any event, the priority of appointment to the tutorship given to ascendants over collaterals must yield to whatever may be in the best interest of the children involved.
Pertinent to a determination of which applying relative is to be appointed legal tutrix are Civil Code Articles 263 and 267, which read:
“When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge ought to appoint to the tutorship the nearest ascendant in the direct line of the minor.” LSA-C.C. Art. 263.
“If the minor has no ascendant in the direct line, the tutorship shall be given to the nearest of kin in the collateral line.” “If there are two or more relations in the collateral line, the judge shall appoint one of them as tutor.” LSA-C.C. Art. 267.
These two articles must be considered in connection with Code of Civil Procedure Art. 4067, which reads:
“At any time after the expiration of ten days from service or publication as provided in Article 4065, whichever period is longer, if no opposition has been filed, the court shall appoint the applicant, unless he is disqualified under Article 4231.”
“If an opposition has been filed, it shall be tried in a summary manner. After the trial, the court shall appoint as tutor the qualified applicant having the highest priority to appointment. If two or more applicants have the same priority, the court shall appoint the one best qualified, personally, and by training and experience, to serve as tutor.” LSA-C.C. P. Art. 4067.
Also applicable is Code of Civil Procedure Article 4231, which states the circumstances under which a person is disqualified from being a tutor. Only Section (6) of the article can be pertinent here. That section reads:
“A person who, on contradictory hearing, is proved to be incapable of performing the duties of the office, or to be otherwise unfit for appointment because of his physical or mental condition or bad moral character.” LSA-C.C.P. Art. 4231(6).
In disqualifying Mrs. Shufeldt, the trial judge stated in his written reasons for judgment, the following:
“While Mrs. Shufeldt is unquestionably a fine, upstanding, Christian woman whose reputation for propriety and integrity is above reproach, all of those fine qualities (sic) nevertheless do not equip her to raise two children, one a teenager and one soon to be a teenager. *899 This Court has no doubt but what Mrs. Shufeldt dearly loves these children, and she has demonstrated this in the past in the most sincere fashion; by her actions. But the Court must observe that she is 67 years of age, and, if we assume that she is in the best possible physical and mental condition for a person her age, human experience dictates that she, as between the two applicants for the tutorship, is the least desirable because of her age.” (Reasons — 3).
“There is one additional problem with Mrs. Shufeldt, which is certainly not of her own making. That is the fact that she is a widow. This deprives these children, should she become their tutrix, . of a person to take the place of a father.” (Reasons — 4).
“This Court therefore holds that Mrs. Shufeldt is not a fit person to be the Tu-trix of the children only by reason of her age and all of the natural factors attendant thereto as detailed hereinabove, and by reason of the fact that she would necessarily raise these children in an atmosphere and environment devoid of male influence.” (Reasons — 4).
Assuming, arguendo, that the children will have some advantages in the Ed-mundson home that they will not enjoy in the home of Mrs. Shufeldt (i. e.: younger tutrix who is married and whose husband can provide male influence in their upbringing), we must disagree with the decision disqualifying the appellant as being incapable of performing the duties of the office of tutrix. The record shows that Mrs. Shufeldt is financially secure and is in excellent health. Her reputation and character is unquestioned. It would be incongruous to disqualify her on the account of her age (67) when the Civil Code provides that a person cannot refuse a tutorship on the basis of age until he has reached the age of sixty-five (Art. 296). Also, a person may not be excused from continuing to serve as tutor after he has been appointed solely because of his age until he has reached the age of seventy (C.C. Art. 296, C.C.P. Art. 4233). It has been held that the lack of a man in the household is not a material factor in determining the qualifications of a tutor. Succession of Quave, 214 So.2d 260 (4th Cir. 1968).
We can find no basis whatever for disqualifying Mrs. Shufeldt. Accordingly, the trial court’s decision disqualifying her is reversed.
We now turn to Mrs. Edmundson’s contention that the priority of appointment given to ascendants over collaterals must yield to whatever may be in the best interests of the children. The trial court clearly stated appellant’s position in its written reasons for judgment, which reads:
“That which is nominally to be determined in this proceeding is the question of who shall become the tutrix of these children. That which is actually going to be determined in this proceeding is who is going to be awarded the permanent care, custody and control of these children. In every other area of the law wherein custody of children is at issue, the law is unanimous to the effect that the primary consideration is always the best interest and minifest (sic) advantage of the children. Succession of Quave and Article 263, if literally interpreted as it was in Quave, discard the precept which has stood the test of time so well and which has doubtless inured to the benefit of countless thousands of children. It would appear to this court that any statutory law which undertakes to award custody of children without regard to the best interest of those children, even in passing, is clearly wrong, out-moded, and should be the subject of amendment, either legislatively or judicially.” (Reasons — 2, 3).
*900 This very same argument was made m Succession of Quave, supra, but rejected by the following statement:
“In view of Civil Code Article 267, which provides that the tutorship shall be given to the nearest collateral if the minor has no ascendant in the direct line, and LSA-C.C.P. Art. 4067, which provides that the court shall appoint as tutor the qualified applicant having the highest priority of appointment, the court is not free to disregard the codal priorities and make an appointment based solely on what it considers the best interests of the children. Before the relative having the highest priority can be deprived of the tutorship that relative must be found disqualified for some valid reason.” Id. at 262.
It is the opinion of this Court that the decision rendered in Succession of Quave is correct; to hold otherwise would violate the precept of law stated in LSA-C.C. Art. 13:
“When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.”
To hold otherwise would have the effect of reading out of the Civil Code Articles 263 and 267, and removing the word “shall” as used in Article 4067 of the Code of Civil Procedure.
In applying a substantive test other than is set out by these articles, the trial court obviously attempted to substitute its own judgment for the one provided by statute. In the absence of constitutional limitations, the courts are not free to substitute their own judgment when the intent of the law is clear and unambiguous; however meritorious the substantive test may be. In suggesting that the court overrule the test for the determination of the rank of persons entitled to the tutorship, the trial judge would, in effect, substitute its judgment for that of the legislature. In this he fell into error. The statutes, being clear and unambiguous, are binding upon the courts and the question as to whether this law should be amended or overruled must be left for the legislature, not the judiciary.
We have examined the record carefully and have found no evidence that either appellant is unfit or that it would not be in the best interests of the children for the tutorship to be awarded to appellant.
Accordingly, for the foregoing reasons, the judgment awarding the tutorship of Wade Maxwell Scott and Cassandra Heloise Scott to Mrs. Merle Scott Edmundson is reversed and it is ordered that Mrs. Sarah M. Shufeldt be named the tutrix of said minors.
All costs of this appeal are to be borne by appellee.
Reversed and rendered.