STOKER, Judge.
The issue in this case is whether a trial court can award the tutorship and custody of an orphaned minor to a stranger without first disqualifying any petitioning relatives which fall within the classes enumerated in LSA-C.C. art. 263. This is an appeal from a judgment awarding custody of the ten-year-old orphaned minor Laverne Michelle Simon to defendant, Mrs. Leela James. Plaintiffs-appellants are Mary Lavallais, Laverne’s paternal aunt, and Mary’s husband, Ophelia Lavallais.[1]
Laverne Simon was adopted as an infant by Jolean and Sylvan Simon. Upon Jolean Simon’s death Sylvan paid Mrs. James to care for Laverne in her home and to see that Laverne attended school and church. Upon Sylvan Simon’s death in December 1987, Mrs. James was still caring for Laverne. Mrs. James began receiving Social Security payments on behalf of Laverne in May 1988. Sylvan Simon did not appoint a tutor for Laverne nor was one ever appointed by a court.
Laverne spent a month with Mary and Ophelia Lavallais at their Houston home in the summer of 1988. The Lavallaises subsequently asked Mrs. James to surrender Laverne to them in the belief that Laverne had adjusted well to them and that it would be in Laverne’s best interest to reside with relatives. Upon Mrs. James’s refusal to do so, the Lavallaises filed a petition for custody of Laverne in September 1988. The trial judge held in favor of Leela James, preferring to leave Laverne in the custody of the person who had taken care of her for three or four years. The trial court did not find that giving the Lavallaises custody of Laverne would be detrimental to the child.
The Lavallaises appeal this judgment contending that the trial court erred in awarding custody of Laverne Simon to a stranger without first finding that awarding custody of the minor child to her aunt and uncle would be detrimental to the child and would not serve her best interest. We agree and reverse the judgment.
OPINION
The principles of law governing this case are set forth in LSA-C.C. art. 263 and art. 273 as follows:
“Art. 263. Qualified ascendants; col-laterals by blood; surviving spouse
“When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, collaterals by blood within the third degree and the surviving spouse of the minor’s mother or father dying last, the person whose appointment is in the best interests of the minor.”
“Art. 273. Necessity for appointment “In every tutorship there shall be an undertutor.”
The same fact situation was presented in Succession of Wetmore, 422 So.2d 726 (La.App. 4th Cir.1982). In Wetmore the paternal grandmother and paternal aunt of an orphaned nine-year-old child filed a petition for custody of the minor under LSA-C.C. *1000 art. 263. The trial court held in favor of the nonrelative in whose care the last-dying father had placed the child. The court of appeal reversed, holding that a nonrelative could be appointed only upon the disqualification of the petitioning relatives, and set forth the following reasons:
“Upon dissolution of marriage between mother and father, as in the death of one or both of the parents, a tutor must be appointed to care for the unemancipated child and his estate. C.C. Art. 246. There are four types of tutorships in Louisiana: (1) tutorship by nature, (2) tutorship by will, (3) tutorship by effect of law, and (4) dative tutorship. Each requires confirmation or appointment by the court and the applicant must qualify for office as required by law.
“Each form of tutorship is invoked only in the absence of a candidate with a higher priority. Thus, when the categories of natural tutorship and tutorship by will produce no candidates to the court, or in the event that available candidates are disqualified or refuse to come forward, Civil Code Article 263 requires that, in appointing a tutor, the court look first to a close relative of the minor child before considering a stranger:
“When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, col-laterals by blood within the third degree and the surviving spouse of the minor’s mother or father dying last, the person whose appointment is in the best interests of the minor. C.C. Art. 263.
“Apparently the trial court interpreted the phrase ‘the person whose appointment is in the best interests of the minor’ to mean any person whose appointment would be in the best interest of the child.
We do not think this a correct analysis of the statute. Although the judge is obliged to consider ‘the best interests of the child,’ such consideration cannot include the appointment of a stranger unless no qualified applicants exist within the categories of Art. 263.”
***** $
“Mrs. Patten, the non-relative, could be appointed only upon the disqualification of Mrs. Wetmore as stated in C.C.P. Art. 4231. Disqualification is a matter of factual proof, whose burden rests with the party seeking to establish the disqualification. Mrs. Wetmore cannot, therefore, be rejected merely because another applicant is more favorably qualified. The record is absolutely devoid of any evidence which would render Mrs. Augusta Wetmore disqualified under the statute; therefore, the defendant-appellee failed to carry her burden of proof. It follows that the trial court erred in awarding the child to Ms. Patten.”
See also, Succession of Scott, 303 So.2d 897 (La.App. 1st Cir.1974), writ denied, 307 So.2d 373 (La.1975); Succession of Quave, 214 So.2d 260 (La.App. 4th Cir.1968).
In the case before us the trial judge awarded custody of Laverne to a stranger[2] rather than to the petitioning relative who falls within the categories enumerated in Article 263 without first disqualifying Mary Lavabais. The record is devoid of any allegation of disqualification or evidence which would disqualify Mary Laval-lais as tutrix under LSA-C.C.P. art. 4231. Therefore, we find that the trial court erred as a matter of law in awarding the child to Leela James. We find nothing in the record to indicate that the appointment of Mary Lavabais as tutrix and Ophelia Lavabais as undertutor of Laverne Simon would not be in the best interest of the child. We accordingly award custody of Laverne Simon to Mary Lavabais.
*1001 CONCLUSION
For the reasons given, the judgment of the trial court in awarding custody to Leela James is reversed and custody is awarded to Mary Lavabais. Mary Lavabais is hereby appointed as tutrix and Ophelia Laval-lais as undertutor to Laverne Michelle Simon.
REVERSED AND RENDERED.

. Ophelia is in fact the name of the husband of Mary Lavallais as disclosed by the pleadings and the record.

. Although there was some confused testimony by Mrs. James to the effect that she is related to Laverne Simon, that fact was never established. Mrs. James herself was unsure of the exact nature of the connection (although it seemed to derive from Mrs. James’ father and Laverne's grandmother) and the four relatives of Laverne who testified (her half-brother, half-sister, paternal aunt and uncle by affinity) had no knowledge of any relationship to Mrs. James.