(36 Misc. Rep. 289.)

## BOYLE v. SOUTHERN RY. CO.

(Supreme Court, Special Term, New York County. November, 1901.)

1. **DEATH BY WRONGFUL ACT—RIGHT OF ACTION.**

    An action by the next of kin, given by the statute of a foreign state, is enforceable in New York for a death occurring in the foreign state, where such statute and the statute of New York are alike, except that the former allows a recovery for the pain and suffering of decedent.

2. **SAME—PLEADING.**

    An allegation that plaintiff was "duly" appointed administratrix is not open to attack by demurrer for insufficiency, and the defect is waived by failure to demur on the ground that plaintiff has not legal capacity to sue.

3. **SAME.**

    Where a statute of a foreign state gives a right of action for wrongful death to the next of kin of the decedent, the complaint alleging that decedent left no widow or children, but failing to allege that he left next of kin, is demurrable.

Action by Mary E. Boyle against the Southern Railway Company. Demurrer to the complaint sustained.

Charles MacVeagh, for demurrer.

Hawes & Judge, opposed.

BISCHOFF, J. The action is for negligence resulting in death, and the cause of action arose in the state of Tennessee; a recovery upon the facts set forth being supported by the statutes of that state. By demurrer for insufficiency, the complaint is attacked mainly upon the ground that the Tennessee statute which gives the cause of action is substantially different from the law of this state covering the subject of liability for death by negligence (Code Civ. Proc. §§ 1902–1904), and the contention is that, failing similarity of the statutes, the action is not maintainable. It is well settled that a right of action existing by force of the lex loci may be vindicated in the tribunals of another state, where the action is of a transitory nature, and that the liability is enforceable in accordance with the lex loci. There is no distinction between the statutory action for death by negligence and any other right of action, existing at common law or by statute, so far as this extraterritorial right of enforcement is concerned (Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439); and a statutory cause of action existing by the laws of one state is enforceable in another, although not within the statutory law of the latter jurisdiction (Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966), unless founded upon some penal liability (Id.), which an action for death by negligence is not (Dennick v. Railroad Co., supra).

Notwithstanding these apparently well-founded rules, there is direct expression of judicial opinion in favor of the point made by the demurrant,—that, in an action such as this, the foreign statute must be tested by a comparison with our own (Wooden v. Railroad Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803), and it becomes interesting to examine into the origin of this theory. The proposition stated in the Wooden Case is expressly rested upon

the authority of McDonald v. Mallory, 77 N. Y. 546, 33 Am. St. Rep 664,—a case involving no foreign statute, but which depended upon the question whether the cause of action for death by negligence arose within the territorial jurisdiction of the state of New York or not. If not arising within the state, the cause of action did not exist, because not known to the common law, and, in the course of his opinion, Judge Rapallo, alluding to the rule that the common law is presumed to be similar everywhere, and to the distinction between the common law and the statute law of this state, said:

"It is settled by the adjudications of our own courts that the right of action for causing death by negligence exists only by virtue of the statute, and that where the wrong is committed within a foreign state or country no action therefor can be maintained here, at least without proof of the existence of a similar statute in the place where the wrong was committed. Whitford v. Railroad Co., 23 N. Y. 465; Crowley v. Railroad Co., 30 Barb. 99; Beach v. Steamboat Co., 30 Barb. 433; Vandeventer v. Railroad Co., 27 Barb. 244. These decisions rest upon the plain ground that our statute can have no operation within a foreign jurisdiction, and that with respect to positive statute law it cannot be presumed that the laws of other states or countries are similar to our own. Opinion of Denio, J., 23 N. Y. 467, 468, 471."

It is quite apparent that the words "similar statute" were used by Judge Rapallo simply as a form of expression, not as importing some new rule, and in none of the cases cited by him is there a suggestion that the right of action, when based upon a foreign statute, could be affected in any way by the presence or absence of a New York statute touching the subject. Having in mind the statute of New York as an instance, the learned judge spoke of the necessity of proof that the foreign state had given a right of action likewise by statute, and it is impossible to find room for any larger meaning in the words used. The subject was considered in Herrick v. Railway Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771, where the court repudiated, as unsupported by authority, the rule stated by a text writer to the effect that the statutes of place and of the forum must concur in giving such a cause of action, and a recovery was there upheld upon the statute of Iowa, notwithstanding the absence of any Minnesota statute upon the subject. The theory that there must be a substantial similarity between our statute and the foreign statute upon which the action is brought seems to rest upon nothing other than a misapprehension of the case of McDonald v. Mallory, but, although stated as the law in two cases (Wooden v. Railroad Co., supra; Leonard v. Navigation Co., 84 N. Y. 53, 38 Am. Rep. 491), this theory has not been applied in either to the extent of defeating a cause of action where the existence of a foreign statute was shown, nor, so far as I find, has any appellate court in this state so applied the rule. The Tennessee statute involved in the case at bar certainly does differ from the statute of this state, in that it allows a recovery for the pain and suffering of the deceased, and it may be that, within the language of the court in the Wooden Case, this would amount to a substantial dissimilarity. A right of action such as is thus given, however, cannot well be viewed as contrary to good morals or natural justice, and so within the inhibition of public policy, and, in the absence of any

principle upon which a requirement for similarity to the statute of this state may be founded, I am inclined to hold that the statute of Tennessee gives a cause of action which is sufficiently alleged in this complaint. The allegation that the plaintiff was "duly" appointed administratrix, while defective in law, is not open to attack by demurrer for insufficiency, and the defect is waived for failure to demur upon the ground that the plaintiff has not legal capacity to sue. Secor v. Pendleton, 47 Hun, 281. A material omission is, however, apparent in the failure of the plaintiff to allege that the deceased left next of kin, since, in view of the averment that he left no widow or children, the action is maintainable under the statute only for the benefit of the next of kin, and their existence is an essential allegation. Kenney v. Railroad Co., 49 Hun, 535, 2 N. Y. Supp. 512, Safford v. Drew, 3 Duer, 627. The demurrer for insufficiency is therefore sustained upon this last ground, with leave to amend upon the usual terms.

Demurrer sustained upon last ground, with leave to amend upon usual terms.