66   637
69   484

JOHN FOLEY ET UX., DEFENDANTS IN ERROR, v. BRUNSWICK TRACTION COMPANY, PLAINTIFF IN ERROR.

Argued June 19 and 20, 1901—Decided November 15, 1901.

A passenger, in alighting from a street car at a temporary terminus selected by the defendant, stepped upon a stone in the highway and sustained injuries for which she brought suit. The jury was instructed that the plaintiff could recover damages if the place selected by the defendant for her to leave its car was not a safe one for that purpose. *Held*, that this instruction was erroneous, because it did not submit to the jury the question of the defendant's negligence, which was the gravamen of the action.

On error to the Supreme Court.

The plaintiff was a passenger on one of the defendant's cars, and in alighting on the highway, at a point of transfer, received the injuries for which she brought this suit. Her account of the manner in which she received her injuries is as follows:

"I was getting off the car and I took the hand-rail—took hold of it to get down—and when I put one foot down, one foot went all right down, but when I went to put down the other foot, this foot turned; there was a stone—the foot I put down first—there was a stone, and there was loose earth and a stone under it, and my foot turned and threw me on my side, like that, and there was a big stone that my hip came on."

There was a verdict for the plaintiff.

For the plaintiff in error, *Willard P. Voorhees.*

For the defendants in error, *Alan H. Strong.*

The opinion of the court was delivered by

GARRISON, J.   The first exception sealed for the defendant was "to so much of the charge wherein the court speaks of the doctrine which applies to the duty of the street railroad company to provide places at its termini—in the language of the court." This exception sufficiently indicated to the trial judge the proposition of law to which it referred, which; in varying phraseology, but with substantial identity, ran through the whole of the judicial instruction to the jury. The doctrine thus challenged was that "when the passenger has reached the end of the route, so far as the railroad company proposes to carry that passenger, and where he must get off, then it is the duty of the railroad company to provide a safe place for him to get off." In other parts of the charge the jury was told that "if that place where they put a passenger off, by their own act, for their own purposes, is unsafe or dangerous, either from latent defects, which could be discovered by looking for them on the part of the company, or from actual defects or dangers in the street, then that is negligence, for which they are chargeable, because the passenger getting off at that place has a right to presume that it is a perfectly safe place to get off, otherwise the company would not put him off there. It is the duty of the company in that case to have the whole place in proper shape, not only

where the passenger alights from the car, but until he gets to a place of safety. So in this case, whether you find that the plaintiff got off at a place where there was an excavation, or whether you find that she got off at a place where there was no excavation, if you find, under the evidence, by reason of anything there of a dangerous or obstructive character, she was injured, that is a fact from which you may find such negligence as will entitle her to recover." Numerous assignments of error challenge the correctness of these statements of law.

The citations from the charge show that the jury was instructed that the plaintiff could recover if the place selected by the defendant for her to leave its car was not a safe place for that purpose. This instruction was, we think, erroneous; its error lay in this, viz., that it gauged the liability of the defendant, not by the quality of its conduct, but by the results of that conduct, thereby covering, indiscriminately, injuries resulting to the plaintiff from causes preventable by the exercise of due care on the part of the defendant and injuries that might have happened notwithstanding the exercise by the defendant of the degree of care legally imposed upon it as a carrier of passengers. The distinction is fundamental, since it marks the difference between a carrier's liability for negligence and its guaranty of safe carriage. The former inheres in the implied duty owed by the defendant to the plaintiff; the latter does not so arise, and was not within the undertaking of the defendant. *Hansen* v. *North Jersey Street Railway Co.*, 35 *Vroom* 686.

Furthermore, in a case like the present, where the *crux* is not the receipt of an injury by the plaintiff, but the part borne by the defendant in the production of that injury, an instruction that the receipt of the injury by the plaintiff was a fact from which the jury might find such negligence as would entitle her to recover damages, was, in effect, a direction of a verdict for the plaintiff; it did not leave to the jury the only debatable question, viz., the culpable character of the conduct of the defendant.

The gravamen of the plaintiff's action was the failure of

defendant to use reasonable care for her safety as a passenger; hence the correct instruction would have been that the defendant was liable for the plaintiff's injuries if it failed to take reasonable precautions to see that the place provided by it for her discharge was a safe one for that purpose. If this language be transposed, so as to read that it was the duty of the defendant to see that the place where it discharged the plaintiff was a safe one if reasonable precautions would make it so, the doctrine will receive an apparent emphasis, although, upon analysis, each statement will be found to be the legal equivalent of the other. Whatever be the form of words employed, the idea expressed should be that the guilt of the defendant is to be measured by the degree of care it has put forth for the plaintiff's safety, and not by the degree of success attendant upon its efforts. It is true that a state of facts might be presented in which the distinction above indicated would be, in a measure, academic, rather than practical; the facts of the present case, however, are not of this sort, for, owing to the nature of the casualty and the indeterminate size, character and location of the object that caused it, the point of the case was whether such an object as that which caused the plaintiff's fall would, in the exercise of reasonable care by the defendant, have been discovered, and if discovered, have been removed. There was, doubtless, a degree of circumspection that would have discovered the stone in the highway, whatever its size or location might have been, and a degree of caution that would have prompted either its removal or the selection of some other place as a temporary terminus, but whether such circumspection and such caution were required of the defendant depended upon the reasonableness of their exercise, and that question was not left to the jury. It may be that the jury, notwithstanding the undisputed fact that the plaintiff fell while alighting upon the highway, would have found that the stone that caused her to fall was so small in size and so concealed from view or was so connected with the roadway that the defendant, in the exercise of reasonable care, would not have noted its presence or have foreseen the danger of failing to remove it. It was the defendant's right

to have that question submitted to the jury. The question that was submitted to the jury did not give the defendant its right in this respect, for, while the occurrence of the accident demonstrated the unsafe character of the place at which the plaintiff was invited to alight, it could not lawfully be permitted to establish also the negligence of the defendant, which, upon this writ of error, was the effect given to it by the verdict.

The reversal of the judgment necessitated by these considerations is not affected by the fact that the defendant was charged by the plaintiff with the breach of an alleged duty to maintain the highway at the point in question. The instruction that has been considered was given to the jury in the alternative, and hence was injurious to the defendant if inapplicable to either of the conditions that the plaintiff essayed to prove. The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.