ALFRED WALL, PLAINTIFF-RESPONDENT, v. G. R. WOOD, INCORPORATED, AND RAYMOND BURT, DEFENDANTS-APPELLANTS.

Submitted October 29, 1937—Decided January 26th, 1938.

For the plaintiff-respondent, *Horace G. Brown* and *James B. Avis.*

For the defendants-appellants, *Cecil W. Rotzell.*

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment entered in the Supreme Court on a verdict rendered by a jury in a case wherein plaintiff sued the defendants, owner and driver of a motor bus, respectively, for damages growing out of personal injuries resulting from a fall alleged to have been caused by the negligent operation of the bus while plaintiff, a passenger, was alighting.

Appellants contend that the trial court erred, first, in denying their motion for a nonsuit, and, second, in refusing to charge a request.

The nonsuit was properly denied. There was testimony that when the bus stopped plaintiff and the driver had a sentence or two of conversation, that then the door opened and the plaintiff got out and that as he was putting his foot to the ground the bus gave a jerk backward, "kind of twisted" plaintiff and threw him down; and, further, that the driver thereupon said, "my foot must have slipped, and I am sorry." The testimony was sufficient to take the case to the jury against a motion for nonsuit. Moreover, the question is *res adjudicata* in the suit, for the reason that the weight of evidence was set down as a ground and disposed of on rule to show cause. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497.

The request which was refused was this:

"There is a duty on the part of a carrier of passengers to exercise reasonable care to see that the place selected for the

passenger's discharge was a safe one for that purpose. If you find that the defendant in this case stopped the bus at the proper place for the discharge of passengers and that the passenger alighted from the bus and afterwards fell to the · ground, there is no basis upon which the defendant in this case could be held legally responsible for the damages incurred by the plaintiff."

The request contains two legal propositions. The first is on the necessity to use reasonable care. That was adequately met by the court in that it instructed the jury that the bus company was obliged to use a high degree of care. The care due from a common carrier and its servants toward passengers in their charge is a high degree of care. *Whalen* v. *Consolidated Traction Co.*, 61 *N. J. L.* 606. The second is that if the defendant did certain things, then there is no liability. It was said by the court:

"Was the bus stopped in a proper manner? Was it stopped in such a way that you could say that the bus company exercised a high degree of care for the safety of this particular man and did the bus company, through its driver, exercise reasonable care to see if he was able to alight at a place that would be reasonably safe for him to do so? If you determine from all the proof, after a very careful and very thorough consideration of it, that a high degree of care was exercised on the part of these defendants, then notwithstanding the fact this man received some injuries, no verdict can be rendered against either of these defendants."

That, taken in conjunction with the positive instruction given to the jury that the burden of proving negligence was upon the plaintiff, covered so much of the request as was legitimate. The court was under no duty to accept a substituted form of words when the form it uses covers the points raised and is correct. *Handelman* v. *Bunker Hill Transportation Co.*, 116 *N. J. L.* 384. Indeed, we consider that the entire request was erroneous in that it did not so detail the factual incident as to make clear that the function of alighting to which it relates was not complete until the passenger was on the ground, entirely free of the bus, and safely so.

The passenger might have had his feet on the ground before he fell, yet with his body twisted out of balance by the premature starting of the bus. A request to charge is vitiated if the words used to describe a factual condition are not sufficiently apt to exclude a factual status to which the asserted legal principle may not properly relate.

We find no error in the points presented. The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.