## HAEFER v. HERNDON.

No. 18692.

District Court, S. D. Illinois, S. D.

March 7, 1938.

Hodges & Tragethon, of Springfield, Ill., for plaintiff.

Burroughs, Simpson & Reed, of Edwardsville, Ill., for defendant.

BRIGGLE, District Judge.

The plaintiff instituted this proceeding in the District Court on February 19, 1937, by the filing of her complaint herein. She alleges, among other things, that she is a resident of the State of Missouri, and that the defendant is a resident of the State of Illinois, and that her cause of action arises out of a claim against the defendant for damages for personal injuries resulting from an automobile collision in the State of Missouri, on July 18, 1934, which she avers to have been due to the negligence of the defendant. The defendant interposes a motion to dismiss the complaint, based on the assertion that the cause of action is barred by the statute of limitations. It will be noted that according to the complaint the accident occurred on July 18, 1934, more than two years prior to the institution of suit. The Illinois statute of limitations applicable to such a proceeding is two years, Illinois State Bar Statutes 1937, c. 83, § 15; the Missouri statute is five years, Revised Statutes of Missouri, 1929, § 862, Mo.St. Ann. § 862, p. 1143.

It thus appears on the face of the complaint that the plaintiff's cause of action was barred by the Illinois statute at the time of filing suit, but, if the Missouri statute is the applicable statute, then plaintiff's suit was in ample time. The inquiry is: Which statute governs?

Plaintiff calls attention to a number of decisions of federal courts in which it has been held that the statute of the state wherein the cause of action arose is the applicable statute, but an examination of those cases discloses that the statutes involved were not strictly statutes of limitation but were statutes creating the cause of action and limiting the time in which such newly created right might be asserted. In such cases the courts have more or less uniformly held that the period of limitation is a part of the cause of action —notably the statutes creating a cause of action for wrongful death. In such cases any right of action must depend upon the statute as no such right of action existed at common law, and, when such statute fixes the time within which action may be brought, it supersedes any other statute of limitation and becomes a part of the cause of action. In such cases the time for bringing suit is determined by the lex loci, for, indeed, it is the local law that determines the substantive rights of the parties, and, where a limitation is placed upon the assertion of that right, it has been correctly held to be a matter of substantive, as distinguished from procedural, law.

These cases, however, are not to be confused with the instant case, for here the plaintiff sues to recover damages for personal injury, and her right to sue and her right to recover depend in no sense upon any statutory grant. Many, if not all, of the class of cases referred to wherein the limitation was a part of the cause of action also recognize the general principle that where a general statute of limitations is interposed as a defense that the law of the forum governs. See Keane Wonder Mining Company v. Cunningham, 9 Cir., 222 F. 821; Theroux v. Northern Pacific R. Co., 8 Cir., 64 F. 84; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813.

In the case of Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 867, 59 L.Ed. 1433, Ann.Cas.1916B, 252, the Supreme Court says: "There can, of course, be no doubt of the general principle that matters respecting the remedy— such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought (McNiel v. Holbrook, 12 Pet. [84] 89, 9 L.Ed. [1009], 1011). But matters of substance and procedure must not be confounded because they happen to have the same name. For example, the time within

which a suit is to be brought is treated as pertaining to the remedy. But this is not so if, by the statute giving the cause of action, the lapse of time not only bars the remedy, but destroys the liability. Phillips [Co.] v. Grand Trunk Ry., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774; Boyd v. Clark [C.C.] 8 F. 849 [etc.]. In that class of cases the law of the jurisdiction, creating the cause of action and fixing the time within which it must be asserted, would control even where the suit was brought in the courts of a state which gave a longer period within which to sue."

Thus the Supreme Court clearly recognizes the distinction to be drawn in those cases where the statute of limitations is not a part of the cause of action, very clearly indicating that where it is not, it is purely a procedural matter, and is to be governed by the law of the forum.

In Boyd v. Clark, referred to in the above opinion, the court says: "An almost unbroken series of adjudications has also established the further proposition that the time within which an action may be brought relates generally to the remedy, and must be determined by the law of the forum. Hence, it would follow that if this statute contained no limitation of time within which an action must be brought, and the time had been left to depend upon the general statutes of limitations in the province of Ontario, it is clear that we should have disregarded such statute, and permitted the plaintiff to bring this action at any time before actions of this description would be barred by the statutes of this state."

Judge Holly's decision in the case of Coffman v. Wood, D.C., 5 F.Supp. 906, a suit in the Northern District of Illinois, wherein he held that the Indiana statute was applicable rather than the Illinois statute, is in complete harmony with the conclusion that I have reached, for the reason that in that case suit was brought for wrongful death, a right of action given by the Indiana statute. Such cause of action in Indiana could be begun in Indiana in two years, but in Illinois must be brought within one year, and it was rightfully held that the Indiana two-year statute applied because that was a part of the plaintiff's cause of action, to be governed by the lex loci and not by the lex fori. The instant case presents the converse, and the law of the forum must be held to apply. See, also, Karnes v. Keck, D.C., 11 F.Supp. 577.

The statute of limitations may, under the Illinois practice, be taken advantage of on motion to dismiss, Illinois State Bar Statutes 1937, c. 110, § 172(f). Under the allegations of the complaint, plaintiff's cause of action is clearly barred in Illinois and defendant's motion must be allowed.

Plaintiff's motion to strike is denied and defendant's motion to dismiss is allowed.