FLORENCE WEIDENMUELLER, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, DEFENDANT-APPELLEE.

Submitted October 6, 1942—Decided December 16, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Martin J. Loftus.*

For the appellee, *Henry H. Fryling* (*William H. Speer* and *Carl T. Freggens,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question for decision in this case is whether the District Court Judge erred in granting a nonsuit on plaintiff's opening.

Plaintiff sued defendant to recover damages for the injuries which she sustained when she was struck by a bicycle on alighting from defendant's bus.

In the opening address, it was alleged for plaintiff that she was, on March 25th, 1941, about 7:00 P. M., a paid passenger on a bus owned by defendant and operated by one of its employees. Plaintiff had paid her fare to Palisades Park, New Jersey, and in due time signalled the driver to stop at the corner of Edsall Boulevard and Broad Avenue in that city. It was stated that the driver stopped at that corner in order to permit plaintiff to alight but that instead of bringing the bus to a stop at the curb he stopped "eight or nine feet or more out from the curb." After the door of the bus was

opened, plaintiff "glanced out," "looked to the left" and proceeded to get off the bus. As "she was proceeding down and had practically the first step on the roadway," a "fellow driving a bicycle" ran into her and "threw her to the street," thus causing the injuries for which plaintiff sought her damages. The negligence complained of was the failure of defendant's driver to stop the bus at the curb, and his action in stopping far enough from the curb to allow the bicycle or even an automobile to pass between the bus and the sidewalk.

The learned trial judge, on motion of defendant, granted a nonsuit on plaintiff's opening. An exception to this ruling was taken and the matter is before us on appeal.

Just as we accept as true, in determining the propriety of a nonsuit or a directed verdict, all evidence adduced in favor of plaintiff and all proper inferences to be drawn from such evidence (*Lipschitz* v. *New York and New Jersey Produce Corp.*, 111 *N. J. L.* 392; 168 *Atl. Rep.* 390; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Dobrow* v. *Hertz,* 125 *N. J. L.* 347; 15 *Atl. Rep.* (2d) 749; *Ellis* v. *Dowd,* 128 *N. J. L.* 607; 27 *Atl. Rep.* (2d) 369), so do we accept as true, on a motion to nonsuit on an opening, all facts stated in the opening and all proper inferences to be drawn therefrom. Additionally, we likewise accept as true all facts properly pleaded and relied upon in support of plaintiff's alleged cause of action. *Cf. Taggart* v. *Bouldin,* 111 *N. J. L.* 464, 467; 168 *Atl. Rep.* 570. And it is only when, upon such a consideration of facts, "it is clearly evident that no cause can be made out or that a recovery is precluded" that we sustain a nonsuit on an opening. *McCourt* v. *Public Service Co-ordinated Transport,* 122 *N. J. L.* 419, 422; 5 *Atl. Rep.* (2d) 734.

The standard of care required of a defendant in cases of this character has many times been announced by our courts. As in all cases, the duty, be it that of "ordinary or reasonable care" or that of "high" or "great degree of care," is always commensurate with the risk of danger involved in the particular circumstances of each case. *Cf. Whalen* v. *Consolidated Traction Co.,* 61 *N. J. L.* 606; 40 *Atl. Rep.* 645; 41

*L. R. A.* 836; *New Jersey Fidelity and Plate Glass Insurance Co.* v. *Lehigh Valley Railroad Co.,* 92 *N. J. L.* 467, 470; 105 *Atl. Rep.* 206; *cer. den.* 249 *U. S.* 600; 63 *L. Ed.* 796; *Spalt* v. *Eaton,* 118 *N. J. L.* 327; 192 *Atl. Rep.* 576; *affirmed,* 119 *N. J. L.* 343; 196 *Atl. Rep.* 736; *Wall* v. *G. R. Wood, Inc.,* 119 *N. J. L.* 442; 197 *Atl. Rep.* 41. Thus it has been held that a bus company is duty bound to provide a reasonably safe place for its passengers to alight. *Foley* v. *Brunswick Traction Co.,* 66 *N. J. L.* 637; 50 *Atl. Rep.* 340; *Pabst* v. *Public Service, &c., Co.,* 104 *N. J. L.* 537; 141 *Atl. Rep.* 773. In addition, our legislature has prohibited the stopping of a vehicle for the purpose of taking on or of discharging passengers "other than at the curb or side of the road or highway." *N. J. S. A.* 39:4-65.

In light of these principles, we think there was sufficient in the opening to have allowed plaintiff to proceed with her proofs. For if we accept, as we must, the statements made, the jury might have found that not only was there a violation of the Traffic Act (*N. J. S. A.* 39:4-65) but also that defendant through its employee's stopping the bus in the darkness of the early evening sufficiently far from the curb to allow room for the passage of another automobile or vehicle, did not exercise that degree of care which was, in the circumstances, commensurate with the great risk it assumed in transporting plaintiff as a passenger for hire. *Cf. Sullivan* v. *Coast Cities Coaches,* 126 *N. J. L.* 300; 19 *Atl. Rep.* (2d) 442; *affirmed,* 127 *N. J. L.* 226; 21 *Atl. Rep.* (2d) 736.

In this respect, the instant case differs from that line of cases of which *Meelhein* v. *Public Service Co-ordinated Transport,* 121 *N. J. L.* 163; 1 *Atl. Rep.* (2d) 418, is typical. See *Smith* v. *Public Service Co-ordinated Transport,* 123 *N. J. L.* 226; 8 *Atl. Rep.* (2d) 575. In those cases the bus stopped at the curb or at the side of the highway immediately adjacent to the gravel shoulder. Here there was sufficient room between the bus and the curb (varying from eight to nine feet) for the passage not only of a bicycle but also of an automobile. In those cases there was no evidence upon which the jury could base a finding that the defendant failed to exercise due care. Here there is such evidence and it is for

the jury to determine whether defendant's act in stopping the bus where it did was negligence on its part and whether, if so, that negligence was the proximate cause of the accident. And we are not able on the proofs or statements before us to state that the plaintiff was guilty of contributory negligence as a matter of law. That question is also within the province of the jury.

Accordingly, the judgment is reversed, and a *venire de novo* awarded. Costs to abide the event.