**NIOSI v. AIELLO.**

No. 829.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 12, 1949.

Decided Oct. 21, 1949.

Rehearing Denied Nov. 3, 1949.

58

B. T. Sanders, Washington, D. C., for appellant.

Llewellyn C. Thomas, Washington, D. C., with whom Richard H. Mayfield, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a directed verdict for defendant upon plaintiff's opening statement to the jury in a malpractice suit against an attorney.

The controversy had its origin in the death of Giuseppe Niosi in Maryland in April 1933 as the result of being struck by a street car of the Washington Railway and Electric Company, one of the predecessors of the present Capital Transit Company. According to the complaint in the present case, Christopher Niosi, a brother of the deceased, was duly appointed in Maryland as administrator of his brother's estate and in November 1935 employed defendant, an attorney practicing in the Maryland and District of Columbia courts, to represent him in prosecuting a damage case against the Transit Company "for causing the death of Giuseppe Niosi." It was further alleged in the complaint that defendant undertook the case and filed suit in the name of plaintiff in Maryland, that defendant was grossly negligent in the conduct of the case, with the result that it was dismissed for lack of prosecution, that the Transit Company had offered $1,500 in compromise settlement, but that defendant had advised rejection of such offer and that all right to bring an action had been lost by the negligence of the defendant. Plaintiff asked for damages of $50 alleged to have been spent as costs and expenses, exemplary damages of $1,000, and "general damages" of $1,950, or a total of $3,000.

One of the judges of the trial court having overruled a motion to dismiss the complaint on the ground, among others, that the complaint did not state a claim upon which judgment could be granted, defendant answered and thereafter trial was commenced before another judge and jury. After counsel for both plaintiff and defendant had made opening statements to the jury,

the trial was recessed over the weekend and on the succeeding Monday before any testimony had been received defendant's counsel moved for a directed verdict on plaintiff's opening statement and, after argument, this motion was granted. From the resulting judgment for defendant, plaintiff prosecutes this appeal.

Before considering the errors assigned by plaintiff, we must first note the position of defendant that the appeal should be dismissed because in the notice of appeal Christopher Niosi was named as appellant without reference to his representative capacity as administrator. The general rule, undoubtedly, is that a person in a representative capacity, when prosecuting or defending an appeal, should be properly described in that capacity, but such rule is subject to the limitation that a designation is sufficient where the record shows the representative capacity of the party, even if he is not so designated.[1] In the present case the entire record, with the exception of the notice of appeal, is under the caption "Christopher Niosi, Administrator of the Estate of Giuseppe Niosi, Deceased." We conclude that the present appeal must be considered to be taken by the administrator in his representative capacity, and hence that there is no ground for dismissal.

A further preliminary matter requiring our decision is the position of plaintiff that defendant, by having his counsel also make an opening statement, waived the right to move for a directed verdict on the opening statement of plaintiff. We do not agree with this contention. A defendant does not lose his right to make a motion for a directed verdict in his favor even though he has himself offered evidence,[2] and we believe it follows that he is entitled to make such a motion even though he has made his opening statement, which is merely an outline of the case he expects his evidence will prove. Such a motion, when made, is subject to the rule that regardless of anything contained in defendant's opening statement plaintiff is entitled to the benefit of all facts proposed to be proved by him, whether contained in his opening statement or in his complaint.[3] Furthermore, defendant coupled a motion to dismiss with his motion for directed verdict, and under rule 12(h) of the Municipal Court rules, patterned after rule 12(h) of Federal Rules of Civil Procedure, 28 U.S.C.A., the defense of failure to state a claim upon which judgment can be granted may be made at the trial on the merits. The applicable general rule has been stated as follows by the Supreme Court: "In the trial of a cause, the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. Indeed, any fact * * * admitted by counsel, may be the ground of the court's procedure, equally as if established by the clearest proof; and if, in the progress of a trial, either by such admission or proof, a fact is developed which must necessarily put an end to the action, the court may, upon its own motion or that of counsel, act upon it and close the case. * * * Of course in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain and qualify it, so far as the truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action."[4]

We conclude there was no error in the procedure followed in the present case.

1. 4 C.J.S., Appeal and Error, § 416. See also Barr v. Geary, 82 Ind.App. 5, 142 N.E. 622; Koch v. Suter, 103 Okl. 105, 229 P. 524.

2. Municipal Court rule 46, patterned upon rule 50, F.R.C.P., 28 U.S.C.A., did not change the prior rule on this question.

3. Weidenmueller v. Public Service Interstate Transp. Co., 129 N.J.L. 279, 29 A. 2d 385; Davenport v. Holden, 95 N.J.L. 197, 112 A. 418; Dalury v. Rezinas, 183 App.Div. 456, 170 N.Y.S. 1045, affirmed 229 N.Y. 513, 129 N.E. 896.

4. Oscanyan v. Winchester Repeating Arms Co., 103 U.S. 261, 26 L.Ed. 539.

The fundamental question, giving to plaintiff the benefit of all facts alleged in the complaint and in the opening statement of his counsel, is whether there was stated a claim upon which judgment could be granted.

■ The rule to be applied in a case where an attorney is accused of negligence in the conduct of litigation is that such attorney is not liable for negligence if, notwithstanding the negligence, the client had no cause of action or meritorious defense as the case may be; or that if conduct of an attorney with respect to litigation results in no damage to his client the attorney is not liable.[5] Unless a party has a good cause of action against the party proposed to be sued, the first party loses nothing by the conduct of his attorney even though the latter were guilty of gross negligence.[6] The rule in such cases has been succinctly stated as follows: "In a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) The attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client. And the test of the sufficiency of the declaration in such a suit is whether its allegations, if proven, would make out a case." [7]

Defendant urged in the court below and reiterates here that neither in the complaint nor in the opening statement did plaintiff show he ever had any cause of action against the Transit Company and hence that even if it be conceded that defendant was negligent (defendant denies such negligence, but denial must be disregarded in the present posture of the case) no cause of action was stated in the malpractice suit. This position is based upon the terms of the Maryland wrongful death statute, Flack's Annotated Code of Maryland 1939, Article 67, a modification of Lord Campbell's Act.

■ The complaint in the present case did not state where the accident occurred which resulted in the death of Giuseppe Niosi. It was disclosed in plaintiff's opening statement, however, that such accident occurred in Maryland. It is not controverted that under such circumstances the law of Maryland applies whether suit is brought in Maryland or in the District of Columbia.[8] It results that even had the suit of the administrator against the Transit Company been filed in the District of Columbia rather than in Maryland, it could only have been brought for the benefit of the persons designated as such beneficiaries in the Maryland statute.[9]

■ The Maryland statute provides in section 3 thereof that where the death of a person is caused by the wrongful act, neglect or default of another an action may be brought "for the benefit of the wife, husband, parent and child" of the person whose death was so caused and that an action for such recovery shall be brought in the name of the State of Maryland for the use of the persons entitled to damages. It is further provided that every such action shall be commenced within twelve calendar months after the death of the deceased person.[10] Section 4 provides that in every such action the equitable plaintiff "shall

5. 7 C.J.S., Attorney and Client, § 146, and cases there cited.

6. Milton v. Hare, 130 Or. 590, 280 P. 511 and authorities cited therein; Feldesman v. McGovern, 44 Cal.App.2d 566, 112 P.2d 645; Frost v. Hanscome, 198 Cal. 550, 246 P. 53; Jones v. Wright, 19 Ga.App. 242, 91 S.E. 265; Johnson v. Haskins, Mo.Sup., 119 S.W.2d 235; National Hollow Brake Beam Co. v. Bakewell, 224 Mo. 203, 123 S.W. 561; Roehl v. Ralph, Mo.App., 84 S.W.2d 405; Vooth v. McEachen, 181 N.Y. 28, 73 N.E. 488, 2 Ann.Cas. 601.

7. Maryland Casualty Co. v. Price, 4 Cir., 231 F. 397, 401, Ann.Cas.1917B, 50.

8. Restatement, Conflict of Laws, §§ 391-395; State of Maryland, for Use of Chrysler v. Eastern Air Lines, D.C.D.C., 81 F.Supp. 345; Smith v. Pennsylvania Central Air Lines Corporation, D.C.D.C., 76 F.Supp. 940.

9. Stewart v. Baltimore & O. R. Co., 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537.

10. According to the facts stated in the complaint such twelve months had expired when defendant was employed.

be required, together with the declaration, to deliver to the defendant or his attorney a full particular of the persons for whom and on whose behalf such action shall be brought and of the nature of the claim in respect of which damages shall be sought to be recovered." There can be no claim for wrongful death where there are no living persons of the classes named in the statute.[11]

The only allegation in the present complaint with respect to survivors was that after the employment of defendant by plaintiff they conferred "and established the identity and existence alive of certain financially dependent [sic] of the family of the deceased, Giuseppe Niosi." In the opening statement of plaintiff's present counsel the following statement was made: " * * * by competent evidence we expect to show you that before placing the case there, my client, Mr. Niosi here, put in possession of Mr. Aiello's hands evidence that at the time the accident happened there were relatives and dependents alive of the Mr. Niosi who was killed, brother of this Mr. Niosi here, and that they were legally dependent and eligible for support from the victim of the accident."

▮▮▮ It seems entirely clear that allegations that decedent left relatives who were dependent on him did not meet the requirement of the Maryland statute that in order for recovery to be had the decedent must have left a wife, husband, parent or child. Unquestionably under such a statute it is necessary to allege the exist-

ence of persons entitled to recover thereunder.[12] The terms of the Maryland statute having been explained during argument on the motion to dismiss and for directed verdict, the trial court gave plaintiff's counsel an opportunity to show that at the time of the death decedent was survived by one or more persons named in the statute and thereupon it was stated by counsel that the survivors were a stepmother of the deceased and two stepsisters. In the discussion which ensued reference was made to depositions taken before trial, of plaintiff Christopher Niosi and of another brother, Philip Niosi, and in his brief on appeal plaintiff's counsel urges that such depositions must be considered in connection with his opening statement. Such depositions merely confirmed counsel's statement that reliance was placed on the survival of a stepmother and two stepsisters. It is obvious, therefore, that plaintiff was unable, even when given an opportunity to do so, to show that anyone had survived the deceased who was entitled to recover for the wrongful death of Giuseppe Niosi under the Maryland statute. Such statutes, being in derogation of the common law, are strictly construed,[13] and the rule is that the word "parent" when used in such statutes does not include a stepparent.[14]

▮▮▮ It results that plaintiff in his capacity as administrator never had the right to sue for the alleged wrongful death of his brother and likewise that at the time of the death there was no one in existence entitled to bring such suit. Therefore, with respect to the main controversy, the con-

---

Where such a limitation is included in the statute creating the liability, the limitation applies regardless of where the suit is brought. Lewis v. Reconstruction Finance Corporation, App.D.C., 177 F.2d 654; Calvin v. West Coast Power Co., D.C.Or., 44 F.Supp. 783; Haefer v. Herndon, D.C.S.D.Ill., 22 F.Supp. 523; Wheeler v. Southwestern Greyhound Lines, 207 Ark. 601, 182 S.W.2d 214; Summar v. Besser Mfg. Co., 310 Mich. 347, 17 N.W.2d 209. We do not rest our decision on this point however, since it has not been argued by either party.

11. Annotation 117 A.L.R. 955; Thornburg v. American Strawboard Co., 141 Ind. 443, 40 N.E. 1062, 50 Am.St.Rep. 334 and

cases there cited; Koening's Adm'r. v. Covington, 12 S.W. 128, 11 Ky.Law Rep. 251.

12. Guinan v. Hayes Storage Warehouse, N.Y.Sup., 182 N.Y.S. 260; Boyle v. Southern R. Co., 36 Misc. 289, 73 N.Y.S. 465.

13. State, to Use of Dunnigan v. Cobourn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045.

14. Boudreaux v. Texas & N. O. R. Co., Tex.Civ.App., 78 S.W.2d 641; Mount v. Tremont Lumber Co., 121 La. 64, 46 So. 103, 126 Am.St.Rep. 312, 15 Ann.Cas. 148; Thornburg v. American Strawboard Co., supra.

duct of the attorney, whether negligent or not, could not have caused loss to plaintiff.

 It is argued, however, that even if no recovery had been possible against the Transit Company under the wrongful death statute plaintiff might have had a suit for pain and suffering of decedent prior to his death. Under Maryland law where a death results from the negligence of another and where the death is not instantaneous and the injured person undergoes pain and suffering prior to his decease, two separate actions may be brought, the first under the wrongful death statute discussed above and the other by an administrator for the pain and suffering, any loss of time, and expenses between the time of injury and death.[15] In defendant's opening statement it was stated that the death was instantaneous and hence there could be no recovery for pain or suffering or any other damages which might have been claimed by decedent prior to his death. This statement must be disregarded under the familiar rules applicable to motions to dismiss and motions for directed verdict. However, both in the complaint and in plaintiff's opening statement, it was alleged that defendant was employed to represent plaintiff in prosecuting a damage suit against the Transit Company for causing the death of decedent and at no time, even by implication, was it claimed that plaintiff ever had any basis for an action to recover for pain or suffering. In the absence of such a claim defendant would not be liable for negligence in prosecuting it.

We believe we should mention two additional points which, while not raised specifically by plaintiff, might be considered as involved in the case. The first has to do with the allegation in the complaint that defendant advised rejection of a compromise settlement of $1,500 offered by the Transit Company and that plaintiff had expended $50 in costs and other expenses in connection with the suit filed by defendant in Maryland. We believe that in order to recover on account of such items plaintiff would have had to allege and prove that the advice to reject the compromise offer was wrongful, that the Maryland suit should never have been filed and hence that the expenses were unjustified. These results could only have come about had plaintiff told defendant the true facts about the surviving relatives of the deceased, that is, that no wife, parent or child was left surviving, and if defendant had acted thereupon erroneously. Plaintiff has urged no such position. In such circumstances he is not entitled to recover in the present suit.

Affirmed.

---

15. Davis v. Ruzicka, 170 Md. 112, 183 A. 569, certiorari denied 298 U.S. 671, 56 S.Ct. 943, 80 L.Ed. 1394.