LaJuan F. MARTIN, et al., Appellants,

v.

Andrew ROSS, Appellee.

No. 09–CV–460.

District of Columbia Court of Appeals.

Submitted Sept. 22, 2010.
Decided Oct. 28, 2010.

LaJuan F. Martin, pro se.

Edward R. Kump, Washington, DC, was on the brief for appellee.

Before KRAMER and THOMPSON, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

A jury found appellants LaJuan Martin, Lolita Martin, and Martin & James, LLP, liable for legal malpractice after the Martins' failure to respond to a deadline resulted in the dismissal of appellee Andrew Ross's employment discrimination case. The Martins now appeal that verdict, arguing that (1) no reasonable factfinder could have found that Ross would have succeeded on his claim but for the Martins' negligence, (2) Ross's expert witness did not have proper qualifications, and (3) a typo on the verdict sheet precluded Mrs. Martin from liability. We affirm.

Ross was terminated from his position at WASHINGTONIAN Magazine in May 2001. He met with Mrs. Martin shortly thereafter when she represented him before the District of Columbia Department of Employment Services. On Mrs. Martin's suggestion, Ross retained the Martins as counsel in a claim against the WASHINGTONIAN for discrimination in United States District Court for the District of Columbia.[1] Mr. Martin filed a complaint in District Court, and the WASHINGTONIAN responded with a motion to dismiss. The Martins did not respond. The District Court judge issued an order asking the Martins to respond to the motion. Again, they did not respond. As a result, Ross's claim was dismissed with prejudice.[2] Ross brought a suit for legal malpractice against the Mar-

tins, where a jury found the Martins liable for malpractice and awarded Ross $230,000 in damages.

■■■■ On appeal, the appellants first challenge the sufficiency of the evidence.[3] To succeed on a legal malpractice claim, the plaintiff must show that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant breached a reasonable duty, and (3) that breach resulted in, and was the proximate cause of, the plaintiff's loss or damages. *Niosi v. Aiello*, 69 A.2d 57, 60 (D.C.1949). Both at trial and here on appeal, appellants only challenged the last element, arguing that Ross would not have succeeded on his discrimination claim. Unless no reasonable juror could have found in favor of the verdict the jury reached, the verdict must be sustained. *Rosenthal v. Sonnenschein Nath & Rosenthal, LLP*, 985 A.2d 443, 449 (D.C.2009). Ross testified that his boss told him that he was too old for his job shortly before he was fired and that his replacement was a younger man. This testimony alone establishes that his termination "[gave] rise to an inference of discrimination," which would have been enough for a prima face case in the underlying discrimination suit. *Stoyanov v. Winter*, 643 F.Supp.2d 4, 11 (D.D.C.2009) (quoting *Stella v. Mineta*, 350 U.S.App. D.C. 300, 310, 284 F.3d 135, 145 (2002)).

Further, the underlying case could have succeeded even if Ross's testimony was the only evidence of discrimination. As the trial court correctly noted, federal courts have held that the plaintiff's testimony of

---

1. Ross's complaint alleged age, race, sex, and disability discrimination on the part of WASHINGTONIAN.

2. Ross, again with Mr. Martin's help, filed a Motion to Vacate the Judgment, which was denied.

3. The appellants used two separate sections of their brief to ask the same question. Section I asks, "[w]hether appellee Andrew Ross failed to establish the burden of proof necessary for legal malpractice," and Section III asks, "[w]hether the Court erred in deciding that the evidence was sufficient to support the jury's verdict." These two questions both challenge the sufficiency of Ross's evidence.

specific discriminatory statements or events will suffice to establish a prima facie case of discrimination, even when such testimony is challenged by the defendant employer. *See Portis v. First Nat'l Bank of New Albany,* 34 F.3d 325, 329 (5th Cir.1994) (holding that a discrimination case could go to the jury when the employer refused to give the female appellant a secretary because she was a woman and told her she would never be worth as much as a man to the bank); *Yarbrough v. Tower Oldsmobile, Inc.,* 789 F.2d 508, 513–14 (7th Cir.1986). After Ross's testimony established a *prima facie* case for discrimination, the Martins took no steps to rebut this by calling someone from the WASHINGTONIAN to challenge his testimony or offer a neutral reason for Ross's termination. Given Ross's testimony, and in the absence of any evidence from the Martins about what contrary showing could have been presented in the underlying discrimination suit, a reasonable juror could have found that Ross would have prevailed in his discrimination suit but for appellants' breach.[4]

■ The appellants also challenge the expert qualification of Michael Specter.[5] Allowing an expert to testify is within the discretion of the trial court and will only be reversed for an abuse of that discretion. *See Otis Elevator Co. v. Tuerr,* 616 A.2d 1254, 1256 (D.C.1992). We agree with the trial court that Specter was qualified to testify as an expert as to the legal standard of care. At the time of trial, he had been a licensed attorney in the District of Columbia for twenty years and had operated his own law firm for over fifteen years. He estimated that he had worked on hundreds of employment discrimination cases. While he had not been qualified as an expert previously, his extensive experience as an attorney was sufficient to qualify him as an expert witness.[6]

■ Finally, the appellants argue that Mrs. Martin cannot be included in the jury's verdict because the first question on the verdict sheet, addressing whether an attorney-client relationship existed, omitted Mrs. Martin's name. This typo is, at most, harmless error. Throughout the trial, Mrs. Martin, Mr. Martin, and Martin & James LLP were treated as one entity for the purposes of liability. Defense counsel made no effort to separate each individual.[7] Appellants rely on *Townsend v. Donaldson,* 933 A.2d 282 (D.C.2007), but that case is clearly distinguishable. In *Townsend,* a special verdict sheet asked the jury to answer whether the specific acts by the defendant breached a duty but only asked generally whether the defendant's breach led to the plaintiff's injuries. *Id.* at 287–88. Thus, "the jury may have found a breach on four of the theories submitted to it, but found proximate causation on as few

---

**4.** We do not believe there is any evidence to sustain Ross's disability discrimination claim. However, because we decide here that there was enough evidence for the jury to find in Ross's favor on age discrimination, his case need not fail on the disability discrimination claim.

**5.** In their brief, appellants argue that Specter improperly testified on the merits of Ross's underlying claim. Because they did not object to any of this testimony at trial, this issue is unpreserved.

**6.** Appellants' argument is unusual considering that they do not challenge the finding that they breached the standard of care in their brief, nor did they challenge this at trial. (*See* Brief of Appellant at 8–14.) Appellants' entire argument on sufficiency concerns whether Ross's claim would have been successful. (Brief of Appellant at 14.)

**7.** In fact, the trial court asked defense counsel about this issue after looking at the verdict sheet's language. Defense counsel told the court that he purposely did not make a distinction between Mr. Martin, Mrs. Martin, or Martin & James, LLP.

as one." *Id.* at 289. Here, there was no uncertainty on what the jury found. Mrs. Martin was one of the named defendants, she testified at trial, and she was included in trial counsel's arguments. The omission of her name from one question on the verdict sheet would not lead the jury to believe she was not included in the verdict. Assuming any error on the verdict sheet, it was harmless. The judgment on appeal is

*Affirmed.*